United States District Court
Middle District of Florida
Jacksonville Division

**JARED SCHNACKENBERG,**

*Plaintiff,*

v.                                                                 NO. 3:24-cv-324-MMH-PDB

**TOLL BROTHERS MORTGAGE COMPANY,**

*Defendant.*

___

# Order

The defendant moves for leave to file under seal exhibits to a declaration supporting its motion for summary judgment. Doc. 48; *see* Doc. 44 (motion for summary judgment), Doc. 46 (declaration). The plaintiff has no opposition to sealing. Doc. 48 at 6.

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records. … Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.* (quoted authority omitted).

To decide if the presumption of public access applies, a court distinguishes documents that "may properly be considered public or judicial

records" from "those that may not; the media and public presumptively have access to the former, but not the latter." *Perez-Guerrero*, 717 F.3d at 1235. The presumption applies to any paper attached to a document that invokes judicial resolution on the merits, including a motion for summary judgment. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013).

Local Rule 1.11 summarizes the law on the presumption of public access to emphasize its importance: "Sealing a docketed item … used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a). The rule requires a movant to describe the item and "establish: (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory[.]" *Id.* at 1.11(b)(2)–(3).

The presumption applies because the defendant offers the exhibits to support the motion for summary judgment. *See* Docs. 44, 46. The Court will consider the exhibits for "the adjudication or other resolution of a claim or defense[.]" *See* Local Rule 1.11(a) (quoted).

The Court **denies** the motion, Doc. 48, without prejudice. The defendant fails to sufficiently describe the exhibits and pinpoint the assertedly personal or protected information and fails to establish that using a redaction or means other than sealing is unavailable. *See* Local Rule 1.11(b)(2)–(3). For example, four exhibits are deposition transcripts in their entirety. *See* S-Docs. 48-1, 48-8 to 48-10. The defendant misrepresents that it "has filed a redacted version on the public docket which endeavored to limit the exhibit redactions to only

those necessary to protect the confidential information at issue." Doc. 48 at 5. The defendant has filed only placeholders for the exhibits. *See* Docs. 46-1, 46-3 to 46-13, 46-15.

For many exhibits, another reason to deny the motion is that the exhibits are already on the public docket. *See* Doc. 49-2 at 1–70 (Exhibit 1), 148–60 (Exhibit 3), 142–44 (Exhibit 4), 161–73 (Exhibit 5), 174–75 (Exhibit 6), 176–95 (Exhibit 7), 121–36 (Exhibit 8); Doc. 49-4 at 1–75 (Exhibit 11).

This order is "automatically stayed for fourteen days to permit a motion to reconsider, for review, to withdraw the item, or for other relief." *See* Local Rule 1.11(d) (quoted). No earlier than **January 24, 2025**, the clerk must unseal the exhibits, S-Doc. 48-1 to S-Doc. 48-13, and:

(1) replace Doc. 46-1 (Exhibit 1 placeholder) with S-Doc. 48-1;

(2) replace Doc. 46-3 (Exhibit 3 placeholder) with S-Doc. 48-2;

(3) replace Doc. 46-4 (Exhibit 4 placeholder) with S-Doc. 48-3;

(4) replace Doc. 46-5 (Exhibit 5 placeholder) with S-Doc. 48-4;

(5) replace Doc. 46-6 (Exhibit 6 placeholder) with S-Doc. 48-5;

(6) replace Doc. 46-7 (Exhibit 7 placeholder) with S-Doc. 48-6;

(7) replace Doc. 46-8 (Exhibit 8 placeholder) with S-Doc. 48-7;

(8) replace Doc. 46-9 (Exhibit 9 placeholder) with S-Doc. 48-8;

(9) replace Doc. 46-10 (Exhibit 10 placeholder) with S-Doc. 48-9;

(10) replace Doc. 46-11 (Exhibit 11 placeholder) with S-Doc. 48-10;

(11) replace Doc. 46-12 (Exhibit 12 placeholder) with S-Doc. 48-11;

(12) replace Doc. 46-13 (Exhibit 13 placeholder) with S-Doc. 48-12; and

(13) replace Doc. 46-15 (Exhibit 15 placeholder) with S-Doc. 48-13.

To the extent an exhibit provisionally filed under seal contains redacted account numbers, *see* S-Doc. 48-13, the redaction must remain in place.

**Ordered** in Jacksonville, Florida, on January 8, 2025.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*