United States District Court
Middle District of Florida
Jacksonville Division

**JARED SCHNACKENBERG,**

    *Plaintiff,*

v.                                    NO. 3:24-cv-324-WGY-PDB

**TOLL BROTHERS MORTGAGE COMPANY,**

    *Defendant.*

## Order

Jared Schnackenberg moves for leave to allow Keith Sluka (the corporate representative of a bank) to testify at trial using videoconferencing technology or to conduct a video-recorded deposition of Sluka to preserve his testimony. Doc. 78. Toll Brothers Mortgage Company opposes only the latter request. Doc. 83. Schnackenberg requests oral argument. Doc. 79.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Under the rules, a witness's testimony at trial ordinarily must be "taken in open court[.]" Fed. R. Civ. P. 43(a). "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.* The safeguards must "ensure accurate identification of the

witness," "protect against influence by persons present with the witness," and assure accurate transmission. Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment.

Schnackenberg presents good cause and compelling circumstances. The motion, Doc. 78, is **granted**. Sluka may testify at trial using videoconferencing technology using these safeguards and any other safeguards required by the district judge:

1. Sluka must testify using Zoom. The courtroom deputy will provide a link and password.

2. Sluka must testify from a court reporter's office arranged by Schnackenberg.

3. Sluka must testify in a room alone. He may be required to display the room to ensure his isolation.

4. Sluka must have no papers in front of him—unless the parties agree otherwise—and no electronic device with him other than the device the court reporter provides for Zoom.

5. The parties must confer on procedures for conducting the remote testimony. At a minimum, they must establish the procedures for showing the witness an exhibit and objecting to his testimony.

6. The parties must be prepared to discuss at the final pretrial conference the procedures for conducting the remote testimony.

7. The parties must meet with the district judge's courtroom deputy to discuss logistics at least one week before the start of jury selection. The parties may contact the courtroom deputy at (904) 301-6750.

8. Schnackenberg is responsible for paying any expenses associated with the remote testimony.

The request for oral argument, Doc. 79, is **denied** as unnecessary.

**Ordered** in Jacksonville, Florida, on April 14, 2025.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*